UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIE BAKER, JR.,                    )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          No. 4:11CV1668 MLM
                                      )
JOHN COCHRAN, et al.,                 )
                                      )
          Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis.  Upon review of the financial information provided with the complaint, the Court finds plaintiff does not have sufficient funds to pay the filing fee. Consequently, the motion will be granted.

Under 28 U.S.C. § 1915(e), the Court is required to review a complaint filed in forma pauperis and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Additionally, under Rule 12(h)(3), the Court is required to dismiss an action at any time if it determines that subject matter jurisdiction is lacking.  Having reviewed the complaint, the Court finds that plaintiff has failed to establish that the Court has subject matter jurisdiction over this case.  However, because plaintiff is proceeding pro se, the Court will allow plaintiff an opportunity to file an amended complaint.

Plaintiff brings this action against officials and doctors for the Department of Veterans Affairs (the "VA") for alleged medical malpractice.  To bring an

action in federal court against the VA under the Federal Torts Claims Act, 28 U.S.C. § 1346, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).   Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court.  McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").

The instant complaint does not allege that plaintiff has previously presented his claim to the appropriate federal agency.  As a result, plaintiff has failed to establish that the Court has jurisdiction over the subject matter of this action.

The Court will allow plaintiff to file an amended complaint.  Plaintiff is warned that his amended complaint will take the place of his original complaint and will be the only complaint which this Court will consider in determining whether or not this case should be dismissed pursuant to 28 U.S.C. § 1915(e). Therefore, plaintiff must include all of the defendants whom he wishes to sue in the caption of the complaint and set out specific facts against each of them in the complaint.

Plaintiff is warned that failure to file an amended complaint by the deadline set forth below will result in dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall mail a complaint form to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff shall have until **October 28, 2011** in which to file an amended complaint as set forth in this Order.

**IT IS FURTHER ORDERED** that if no amended complaint is timely filed, this action will be dismissed without further notice to the plaintiff.

Dated this 28th day of September, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE